UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FILED
JAN 27
CLERK'S OFFICE
U.S. ...
EASTERN ... COURT
... AN

SIRENA R. SMITH,

    Plaintiff,

v.

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 04 CV 60086 AA

DISTRICT JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security disability case comes before the court on Plaintiff's Motion and Brief for Remand Pursuant to Sentence Four and the Commissioner's Motion for Summary Judgment and Response to Plaintiff's Motion to Remand. For the reasons stated herein, the court recommends that plaintiff's motion to remand be **GRANTED**, and that the defendant's motion be **DENIED**.

### II. Background

On March 16, 2000, plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) under Title II of the Social Security Act. She alleged a disability onset date of May 4, 1998, claiming that she was unable to work due to fibromyalgia, herniation of two lower

back discs, pain, and fatigue. (Tr. 78) Plaintiff further indicated in her application that her physical problems stemmed from an automobile accident she was involved in on May 3, 1998. Id. Prior to the alleged onset date, plaintiff worked as a toolmaker and a machinist and held several assembly and general labor jobs. (Tr. 79) Plaintiff was born on July 11, 1970, and has an eighth-grade education.

Following the initial denial of her claim by the Social Security Administration (SSA), plaintiff requested a hearing before an administrative law judge (ALJ). The request was granted, and a hearing was held on April 9, 2003. (Tr. 242-71) On June 20, 2003, the ALJ issued a decision denying plaintiff's claim. (Tr. 17-25) The ALJ determined that plaintiff suffered from degenerative disc disease of the lumbar spine, fibromyalgia, asthma, migraine headaches, and a bipolar disorder, and that her impairments were severe, but that she did not have an impairment that met or equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations. (Tr. 25) The ALJ further determined, based upon the hearing testimony of a vocational expert, that plaintiff's impairments did not prevent her from performing her past work as an assembler and a tool maker. Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 25-27)

Following the ALJ's denial of her application, plaintiff filed a request for review of the ALJ's decision with the Appeals Council. The Appeals Council denied the request on March 3, 2004. (Tr. 5-8). The ALJ's decision thus became the final determination of the Commissioner.

On April 15, 2004, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff seeks a remand pursuant to sentence four of § 405(g), and the

Commissioner moves for summary judgment. Plaintiff contends in her motion that the ALJ erred in failing to include in his RFC determination any limitations associated with plaintiff's bi-polar disorder. Further, plaintiff contends that the ALJ failed to comply with 20 C.F.R. § 404.1545 and Social Security Ruling (SSR) 96-8p in that he failed to set forth in his opinion a function-by-function analysis of plaintiff's mental capabilities.

### III. Legal Standards

### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate disability claims. In Foster, Id. at 354, the Sixth Circuit discussed the process:

>The claimant must first show that she is not engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Next the claimant must demonstrate that she has a "severe impairment." 20 C.F.R. § 404.1520(c). A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. 20 C.F.R. § 404.1520(d). If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. 20 C.F.R. § 404.1520(e). Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. 20 C.F.R. § 404.1520(f). The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

>Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

- 4 -

Further, " the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

## IV. Analysis

### A. RFC Determination

The ALJ determined that plaintiff had a number of severe impairments, but that she did not have an impairment that met or equaled any listed impairment. The ALJ then proceeded to consider plaintiff's RFC, stating the following:

> After carefully reviewing the entire record, including the testimony of the claimant, and the testimony of the hearing medical expert, the undersigned finds the claimant retains the residual functional capacity to perform, simple, routine, unskilled light work; with lifting 20 pounds occasionally and 10 pounds frequently; standing and walking up to 6 hours out of an 8 hour day; sitting for up to 6 hours out of an 8 hour day; with no use of ladders, ropes, or scaffolds; and only occasional bending, stooping and crouching. In reaching this determination as to the claimant's residual functional capacity the Administrative Law Judge found the claimant credible that she would experience some limitations resulting from degenerative disc disease of the lumbar spine and fibromyalgia. The residual functional capacity was, accordingly, reduced to accommodate those limitations. In addition, the Administrative Law Judge found the claimant credible that she would experience additional limitations due to her mental impairments. The residual functional capacity was further reduced to accommodate those limitations.

(Tr. 20). The ALJ included essentially those same restrictions in the hypothetical question he posed to the VE regarding plaintiff's ability to engage in substantial gainful activity.[1]

Plaintiff raises no objections to the ALJ's RFC determination or the hypothetical question as they relate to her physical limitations. However, she claims that the ALJ did not sufficiently accommodate her mental impairment in the RFC determination or the hypothetical.

Where an ALJ poses a hypothetical question to a vocational expert that fully and accurately incorporates a claimant's physical and mental limitations, the expert's testimony in response thereto constitutes substantial evidence to support a finding that the claimant is capable of performing a significant number of jobs in the national economy. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777, 779 (6th Cir. 1987). Conversely, where the hypothetical does not paint an accurate picture of the claimant's limitations, the expert's answer cannot support such a finding.

The ALJ found that plaintiff's bipolar condition resulted in mild restrictions in the areas of activities of daily living and social functioning, and that plaintiff had experienced no episodes

---

[1]The ALJ posed the following hypothetical to the ALJ:
> Q. Ms. Caslellena, I'm going to give you a hypothetical question. Lets assume that we have a person with a limited education. Limited to simple, routine unskilled work. Limited to the light level of work activity. Would never be able to work in a job involving ladders, ropes and scaffolds. Would only occasionally be able to bend and stoop and crouch. Would such a person with those limitations be able to do any of the Claimant's past relevant work?

(Tr. 267). In response thereto, the VE testified that a person with those limitations could work as an assembler, which was one of plaintiff's prior jobs, and that there were 5,000 to 8,000 such jobs in the southeast Michigan region. (Tr. 267-68)

of decompensation. (Tr. 18-19) The ALJ further determined that plaintiff was moderately limited in the area of maintaining concentration, persistence, or pace. The only limitation incorporated in the RFC determination, as reflected in the hypothetical, that appears to be related to plaintiff's mental impairment is the limitation to simple, routine, unskilled work. While these restrictions may have been sufficient to accommodate plaintiff's mild restrictions in the areas of activities of daily living and social functioning, it is not clear to the court how a limitation to "simple, routine, unskilled work" accommodates plaintiff's restricted ability to maintain concentration, persistence, and pace.

As provided in 20 C.F.R. Pt. 404, Subpt. P, App.1, 12.00(c)(3), "*[c]oncentration, persistence, or pace* refers to the ability to sustain focused attention sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." The ALJ determined, based on the VE's response to the hypothetical, that plaintiff retained the ability to perform her past work as an assembler. According to the testimony of the VE, such jobs typically require that the person maintain a certain level of production. (Tr. 268-69) A person, such as plaintiff, with a limited ability to maintain concentration, persistence, and pace may well have difficulty performing, or be unable to perform, assembly work due its attendant production requirements. Consequently, the inclusion of more explicit restrictions in the hypothetical related to plaintiff's limitations in that area might have had an impact on the VE's testimony as to whether plaintiff was capable of performing her past work as an assembler.

Perhaps the ALJ had a substantial basis for concluding that a limitation to "simple, routine, unskilled work" was sufficient to accommodate plaintiff's mental impairment, including

her limited ability to maintain concentration, persistence, and pace. However, it is entirely unclear from the ALJ's opinion whether he actually found such a limitation to be sufficient, and if so, why, or whether he simply failed, by oversight or otherwise, to include in his RFC determination further restrictions related to plaintiff's limited ability to maintain concentration, persistence, and pace. The sum total of the ALJ's explanation regarding the relationship between the "simple, routine, unskilled work" restriction and plaintiff's mental impairment is as follows: "In addition, the Administrative Law Judge found the claimant credible that she would experience additional limitations due to her mental impairments. The residual functional capacity was further reduced to accommodate those limitations." (Tr. 20) This brief explanation sheds little light on the ALJ's findings in this regard. Having determined that plaintiff was moderately limited in the area of concentration, persistence, or pace, it was incumbent upon the ALJ to either accommodate that limitation in his RFC assessment in some manner, as well as in the hypothetical posed to the VE, or explain why no such accommodation was necessary. It appears that the ALJ failed to do either. Thus, as the record stands, the court cannot say that the hypothetical accurately portrayed all of plaintiff's limitations. Accordingly, the VE's response to the hypothetical cannot constitute the substantial evidence necessary to support the ALJ's finding that plaintiff was capable of performing her past work as an assembler. Varley, 820 F.2d at 779. This matter should be remanded for further consideration of plaintiff's residual functional capacity, including additional testimonial explanation from a medical expert if defendant deems it appropriate.

### B. Compliance With 20 C.F.R. § 404.1545(c) and SSR 96-8p

Plaintiff contends that under 20 C.F.R. § 404.1545(c) and SSR 96-8p, an ALJ is required to determine "whether the individual can perform the work-related mental activities generally required by competitive, renumerative [sic] work." See Plaintiff's Motion and Brief for Remand Pursuant to Sentence Four, p. 5. In connection therewith, plaintiff further argues that the ALJ must expressly discuss in his decision the following work-related activities: (1) the ability to understand, carry out, and remember detailed instructions, (2) the ability to exercise judgment and make work-related decisions, (3) the ability to respond appropriately to supervision, co-workers, and work situations, and (4) the ability to cope with the pressures of work. Plaintiff contends that the ALJ failed to perform this analysis and, therefore, that a remand is warranted for further proceedings in this regard.

Plaintiff points to no language in either the regulation or the ruling that requires an ALJ to expressly articulate in his decision findings regarding the four areas set forth above, and she has cited no authority in support of her position. In any event, to the extent such an analysis is required, the ALJ appears to have given consideration to the above-cited factors. If a claimant is limited to "simple, routine, unskilled work," she necessarily would not be called upon to understand, carry out, and remember detailed instructions or exercise significant judgment in making work-related decisions, and such work, as a general matter, would be unlikely to evoke a great deal of stress. Further, the ALJ determined that plaintiff was mildly restricted in the area of social functioning, an area that, at least to some degree, encompasses the ability to interact with co-workers and respond appropriately to supervision. These findings indicate that the ALJ

substantially performed the analysis plaintiff contends he was required to perform, indirectly if not directly. Moreover, plaintiff has not demonstrated, or even alleged, that she suffered any prejudice as a result of the alleged error. The court acknowledges that a showing of prejudice is not necessarily required where an ALJ has failed to comply with a regulation that affords a procedural protection to a claimant. See Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004). However, where, as here, the ALJ has substantially complied with the regulation in question, it would exalt form over substance and result in a wholly unnecessary waste of administrative resources to remand a case for full compliance when absolutely no showing of prejudice has been, or likely could be, made. Accordingly, plaintiff's second claim of error is rejected.

## V. Conclusion

For the reasons stated above, the court recommends that plaintiff's motion for remand be **GRANTED** on the grounds detailed herein, that the Commissioner's motion for summary judgment be **DENIED**, and that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings regarding plaintiff's RFC.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

Dated: 1/27/2005

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE