UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIRENA R. SMITH,

       Plaintiff,                          CASE NO. 04-60086

v.                                    HON. MARIANNE O. BATTANI

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER OF THE COURT ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Plaintiff Sirena R. Smith brings this action pursuant to 42 U.S.C. § 405(g), to challenge the final decision of the Commissioner denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423. After the case was referred to Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1), Plaintiff filed a Motion for Remand and Defendant filed a Motion for Summary Judgment. In her Report and Recommendation ("R&R"), Magistrate Judge Morgan recommended that Plaintiff's motion be granted and that Defendant's motion be denied. For the reasons that follow, the Court adopts the Report and Recommendation and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**I. BACKGROUND**

Plaintiff filed a claim for DIB on March 16, 2000, alleging disability since May 4, 1998, due to fibromyalgia, herniation of two lower back discs, pain and fatigue. Plaintiff's claim was denied initially, and she requested an administrative hearing.

A hearing before Administrative Law Judge ("ALJ"), David B. Washington, was held on April 9, 2003. The ALJ considered the medical evidence, and heard testimony from Plaintiff and Vocational Expert ("VE"), Luann Castellana. In a Decision dated June 20, 2003, the ALJ found that Plaintiff could perform her past relevant work and, therefore, she was not disabled. AR 25.

In her Report and Recommendation ("R&R"), Magistrate Judge Morgan recommended that the case be remanded for further proceedings. Specifically, the Magistrate Judge determined that although the ALJ found that Plaintiff was moderately limited in the areas of concentration, persistence or pace, he never accommodated the limitation in his Residual Functional Capacity assessment or in the hypothetical posed to the VE. Nor did the ALJ explain why no such accommodation was necessary in light of the fact that Plaintiff's past relevant work as an assembler would require maintenance of a certain level of production.

Defendant timely filed objections to the R & R, arguing that the ALJ's limitation for simple, repetitive, unskilled work reasonably accommodated Plaintiff's moderate limitations in concentration, persistence, or pace. For the reasons stated below, the Court finds Defendant's objections lacking in merit.

## II.     STANDARD OF REVIEW

This Court must affirm the Commissioner's determination that the plaintiff is not disabled if, applying the proper legal standards, substantial evidence in the record supports the Commissioner's conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1979); Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The reviewing court may not try the case *de novo* and

must affirm the Commissioner's decision if it is supported by substantial evidence, even if the Court would have arrived at a different conclusion. See Cutlip, 25 F.3d at 286.

In cases where a Magistrate Judge has submitted a Report and Recommendation and a party has filed proper objections to it, the district court must conduct a *de novo* review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); Neuman v. Rivers, 125 F.3d 315, 323 (6th Cir.) (recognizing that objections must allow a district court to understand "the specific determinations" of the magistrate judge to which the petitioner objects"), cert. denied, 522 U.S. 1030 (1997).

### III. ANALYSIS

For purposes of the Social Security Act, disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Social Security Act § 223(d)(1)(A), 42 U.S.C. § 423(d)(1)(A). The Social Security Administration ("SSA") has promulgated regulations articulating a five-step sequential analysis, which an ALJ must follow in assessing a claim. 20 C.F.R. § 404.1520. First, the SSA considers whether the claimant is currently engaged in substantial gainful employment and, if not, whether he or she has a "severe impairment" that significantly limits the "ability to do basic work activities." Id. If the claimant does not suffer from a severe impairment, the SSA determines whether this impairment is one of those listed in Appendix 1 of the regulations. If the claimant's impairment is one of those listed, the SSA will presume the claimant to be disabled. If the impairment is not listed, the SSA must determine whether the claimant possesses the "residual functional capacity" to perform his or her past relevant work. Id. Finally, if the claimant is unable

to perform his or her past relevant work, then the burden shifts to the SSA to prove that the claimant is capable of performing "other work." Id.

In the interest of brevity, the Court will not reiterate the facts relevant to each step of the sequential analysis. In this case, the issue before the Court is the evidence supporting that ALJ's finding at step four, that Smith was able to perform her past relevant work as an assembler and a tool maker. Here, Defendant objects to the Magistrate Judge's determination that the ALJ failed to properly consider Plaintiff's moderate limitation relative to concentration when determining her Residual Functional Capacity (RFC") and articulating the hypothetical. Specifically, the Magistrate Judge observed that when questioning the VE, the ALJ limited the hypothetical claimant to unskilled, simple work but did not actually mention Plaintiff's limitation in the area of concentration, persistence, or pace. According to the Magistrate Judge, this oversight was not insignificant because it is not clear "how a limitation to "simple, routine, unskilled work" accommodates Plaintiff's restricted ability to "sustain focused attention sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(c)(3). Defendant maintains that the hypothetical adequately captures Plaintiff's deficiencies. A claimant's RFC "is to be 'an assessment of his remaining capacity for work' once [her] limitations have been taken into account." Howard v. Sec'y of Health and Human Servs., 276 F.3d 235, 239 (6th Cir. 2002) (quoting 20 C.F.R. § 416.945). "It is an assessment of what Plaintiff can and cannot do, not what [he] does and does not suffer from." Id. The hypothetical question, on the other hand, "should be a more complete assessment of her physical and mental state and should include an accurate[] portray[al] of [the claimant's] individual physical and mental impairments." Id. (quotations omitted). Thus, according to Howard, "while the RFC

4

should focus on [the claimant's] abilities...the hypothetical question should focus on [the claimant's] overall state including [his] mental and physical maladies." Id.

Given this standard, the Court agrees with the R&R that the ALJ's assessment of Plaintiff's RFC was flawed. Specifically, the ALJ's instruction to the VE that the hypothetical claimant could perform only simple, unskilled work may not have accommodated Plaintiff's mental impairment as it did not necessarily take into account the non-exertional limitations imposed on Plaintiff by her deficiencies in concentration, persistency and pace. See Bielat v. Comm'r Soc. Sec., 267 F.Supp.2d 698, 702 (E.D. Mich. 2003) (citing Newton v. Chater, 92 F.3d 688 (8th Cir.1996) (holding that a reference to "simple jobs" was insufficient to constitute inclusion of the impairments or deficiencies in concentration noted by the ALJ); McGuire v. Apfel, 1999 WL 426035 at *15 (D.Or.1999) (holding that "simple work" was insufficient to describe claimant's deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner)). The ALJ's oversight calls into question the reliability of the VE's testimony that the claimant could perform her past relevant work. As such, the Court finds it necessary to remand to the ALJ for further fact finding on this issue.

## V. CONCLUSION

For the reasons stated above, the Court REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings regarding Plaintiff's RFC.

IT IS SO ORDERED.

                                             s/Marianne O. Battani
                                             HON. MARIANNE O. BATTANI
                                             UNITED STATES DISTRICT JUDGE

DATE: August 22, 2005

### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon Lewis M. Seward and James A. Brunson, on this date by ordinary mail and/or electronic filing.

                                             s/Bernadette M. Thebolt
                                                       Deputy Clerk